STRANAHAN, P. J.,
— This action is an appeal by the Boron Oü Company, plaintiff, from the decision of the Zoning Board of Adjustment of Hickory Township.
As a part of the appeal, plaintiff seeks to declare sections 47.44 and 47.52 of the Hickory Township Zoning Ordinance No. 22-66 unconstitutional. In addition to that, plaintiff seeks, by this appeal, to have the court grant to it a reasonable variance so that the property involved may be used to erect a Boron gasoline station.
The facts in this case have been determined by the Zoning Board of Adjustment of Hickory Township, and are now before the court as a result of a writ of certiorari. There are two issues that this court must determine, and those issues are whether or not the ordinance involved is unconstitutional and whether the board of *269 adjustment abused its discretion in denying plaintiff a variance.
It appears from an examination of the record in this case that the Boron Oil Company secured an option on March 5, 1970, to purchase a parcel of land situate at the southeast comer of the intersections of Pennsylvania Highway Route 18 and Lamor Road in Hickory Township. This parcel of land has a frontage on Route 18 of 220 feet and a depth of approximately 190 feet on Lamor Road, said measurements being from the center lines of Route 18 and Lamor Road.
The option was subsequently reduced to a binding contract to purchase conditioned upon Boron obtaining from Hickory Township approval to erect a gasoline station on the property.
Boron made an application for a building permit which was refused and subsequently appealed this refusal to the board of adjustment, requesting the board to grant a variance. The board rejected the appeal, and it is from that decision that this appeal has been taken. In the proceeding before the board, Boron requested variances from sections 47.4, 47.44, 47.45, 47.48, 47.50 and 47.52 of ordinance no. 22-66. These sections deal primarily with setback requirements and provisions for a parallel access road.
This court has adopted the policy, and endeavored to follow it through the years, that zoning problems are local in nature and whenever possible they should be solved on the local level rather than the court assuming the role of a “super board of adjustment.” The purpose in pointing this out is to form a foundation for the ruling that must be made in this case. It is the court’s opinion that the provision that concerns the construction of the access road is unconstitutional and that this matter should be determined by this court, *270 but in light of that determination, the appeal should be referred back to the zoning board of adjustment in order to afford it the opportunity to modify its decision.
It is this court’s opinion that 53 PS §11009 contemplates this type of action. The ordinance, which is the basis of the appeal, provides, in part, that a parallel access road which would be separate and apart from the public highway and would be connected to the public highway only at certain points, must be constructed by the property owner and given to Hickory Township in order for the property owner to obtain a building permit. Not only must the property owner give away a 42-foot right-of-way, but he must erect on said right-of-way a 22-foot paved cartway, built to township specifications, at his own expense. Section 47.44 of the ordinance provides for this.
Section 47.52 provides that no property owner can obtain a building permit unless he first posts with the township a bond to guarantee the erection and construction of said public parallel access road.
It is only those property owners who are applying for a building permit that must donate the land and erect the access road. Those property owners who are retaining their property in its present condition as far as budding is concerned are under no obligation to create this right-of-way for a road.
We understand the problems of Hickory Township, and especially those problems which are created by the enormous amount of traffic that flows in this general area, and we further are familiar with the fact that through traffic on Route 18 must move at an uninterrupted pace or the congestion will increase. We also can visualize the advantages of an access road if this area is to develop for commercial purposes, which it appears will happen in the foreseeable future.
*271 Often times zoning is done with the most praiseworthy intentions, and it is not this court’s purpose to criticize the efforts of the zoning authorities in Hickory Township, but rather it is the purpose of this court to consider some very fundamental law. One of the most fundamental rules that we have appears in article I, section 10, of the Pennsylvania Constitution, which provides:
“Nor shall private property be taken or applied to public use, without authority of law and without just compensation being first made or secured.”
A similar provision also appears in the United States Constitution in the fifth amendment.
It is admitted that, on occasion, the rights of individuals must give way to the exercise of police powers by the government, but the exercise of the police power cannot be used as a substitute for an eminent domain proceeding. Under the rights of police powers, the municipalities may correct or prevent a harmful situation, but this power cannot be used to take property for public purposes without just compensation.
There may be some misconception of the right of a government to require dedication of streets based on the analogy to a property owner who is developing acreage into lots and is required to lay out or dedicate streets before his plan can be approved. The distinction between that situation and the present one is that the developer of the lots is required to make the improvement to his land for the use of the public invited to come onto his land. Such a requirement is certainly not an unreasonable one.
In the present case, however, the construction of an access highway is being done for the convenience of the general public, whether they are being invited to come onto the land or not. The purpose of the access road *272 is to create an auxiliary public thoroughfare to relieve the flow of traffic traveling through this area, and it is impossible for this court to believe that under any guise of governmental authority a property owner can be required to build a public highway and give it to the township in order to obtain a building permit to construct a building on property which he has purchased and has the right to use in any lawful manner.
We are of the opinion that that section of ordinance 22-66, which deals with the access highway is unconstitutional, in that it amounts to the confiscation of property without compénsating the owner therefor, and, therefore, is in violation of the right of a citizen to receive just compensation for the taking of his property by the government.
Plaintiff also points out the fact that the township of Hickory has taken a position that at some time prior to the hearing before the board of adjustment, the township, by ordinance, extended the street right-of-way on Route 18 to 100 feet. The testimony would indicate that this was done in 1955 by an ordinance. The ordinance is apparently no. 14-55. While there appears to be some confusion in this matter as to the exact situation, it does not appear to this court that the Township of Hickory could, by ordinance, increase the right-of-way of Route 18 from 80 feet to 100 feet, since that would amount to the taking of land without affording just compensation. If this were done, without affording the property owner his rights under the eminent domain procedure, then such an ordinance would be unconstitutional for the reasons already explained.
We, therefore, conclude that the portion of ordinance 22-66 providing for an access road is unconstitutional and that ordinance 14-55, which provides for the widening of the right-of-way of Route 18 from 80 feet to 100 feet, is unconstitutional.
*273 Plaintiff further complains that, in addition to the matters already discussed, it should be entitled to a variance because the setback requirements covering this lot are based on the assumption that there is to be an access road, and if the portion of the ordinance authorizing the construction of an access road is unconstitutional, then the setback requirements are unreasonable and this court should make such a determination.
Plaintiff points out that the setback requirement of 160 feet, together with the rear yard requirement of 15 feet leaves him only 15 feet on which to construct his building, since his lot is only 190 feet deep. By analogy, Boron points out that the requirement of the area zoned as “neighborhood commercial” or “central commercial” does not provide a setback as deep as that provided in the highway commercial zone, and, therefore, if the property were subjected to the same requirements as “neighborhood commercial” or “central commercial,” Boron could use this land for the erection of a gasoline station.
Boron further points out that a Texaco station is located across the road and a variance was apparently granted to that company. We firmly believe that the zoning authorities in Hickory Township are much better qualified than we are to determine what is a reasonable setback, and whether requirements of highway commercial should be changed in view of this court’s ruling that the access highway is unconstitutional. We would prefer to have the experts in Hickory Township zoning consider this problem, since, as we have pointed out, we are firmly convinced that it is a local matter that should be handled if possible on the local level.
We, therefore, believe that this matter should be *274 referred to the zoning board of adjustment for further action in light of this court’s ruling.
We realize that Boron, like every property owner, is anxious to proceed, and no doubt feels that the referral of this matter back to the township will be the cause of additional delay. We, therefore, request that the township take action in considering this matter within 90 days of the date of this order.
We feel quite certain that the Hickory Township authorities are interested in the commercial development of their area in an orderly fashion, and we feel quite certain that their decision will be an appropriate one under the circumstances. If not, of course, this court has the right to again consider it on appeal, but we would prefer to let zoning authorities of Hickory Township settle its own problem if possible.
ORDER
And now, May 28, 1971, this court holds that the provisions of Ordinance 22-66 of Hickory Township, Mercer County, Pa., providing for an access road are unconstitutional and, therefore, that portion of the ordinance dealing with an access road is null and void. It is further ordered that that provision of ordinance no. 14-55 which provides for the widening of the right-of-way of Route 18 from 80 feet to 100 feet is unconstitutional and, therefore, null and void.
It is further ordered that the decision of the Hickory Township Zoning Board of Adjustment concerning the denial of a budding permit to the Boron Oil Company should be reconsidered in light of these rulings, and it is, therefore, directed that the matter concerning the issuance of a building permit be referred to the Zoning Board of Adjustment of Hickory Township for reconsideration.